J^FITZSIMMONS, J.
On March 29, 1995, plaintiff, Joann B. Hose, filed suit against defendants, Younger Brothers, Inc. (Younger Brothers) and its excess insurer, Carolina Casualty In *550 surance Company (Carolina).[1] In the suit, Ms. Hose alleged that she was injured in a multi-vehicle chain reaction accident, which began when a Younger Brothers’ truck rear-ended her car in April of 1994. Younger Brothers acted as its own primary insurer and was self-insured for the first $250,000.00 of a claim. On October 16, 2000, Carolina filed a third party demand against Younger Brothers asking for indemnification and reimbursement of damages up to the limits of the self insurance, $250,000.00. In November of 2000, more than five years after the original suit had been filed, Carolina, the excess insurer, settled the claim and paid $75,000.00 to Ms. Hose. In return, Ms. Hose subrogated and assigned all of her rights to Carolina. Carolina then amended its third party demand to assert its subrogation claim against Younger Brothers, in its role as the primary insurer.
After a trial, the trial court found that (1) Younger Brothers was the primary insurer, (2) the excess insurer, Carolina, was subrogated to the rights of Ms. Hose, and (3) Ms. Hose’s “claim was worth at least the $75.000.00 that Carolina paid in settlement.” On November 26, 2002, the trial court rendered judgment in favor of Carolina in the principal amount of $75,000.00. Younger Brothers appealed.
On appeal, Younger Brothers assigned error to: (1) the trial court’s finding of a valid subrogation without any showing of bad faith by Younger Brothers in its defense of the suit or in its failure to settle, and (2) the finding that Younger Brothers was liable and Ms. Hose’s damages amounted to $75,000.00. We affirm.
13If an insured is exposed to an excess judgment arising from the insurer’s bad faith failure to settle, the insured may seek recovery from the insurer. Great Southwest Fire Insurance Company v.CNA Insurance Companies, 557 So.2d 966, 967 (La.1990). “In the absence of bad faith,” an insurer, primary or excess, may settle a claim without liability to its insured for bad faith failure to settle. Smith v. Audubon Insurance Company, 95-2057, p. 7 (La.9/5/96), 679 So.2d 372, 376; Gourley v. Prudential Property and Casualty Insurance Company, 98-0934, p. 6 (La. App. 1 Cir. 5/14/99), 734 So.2d 940, 944, writ denied, 99-1777 (La.10/8/99), 750 So.2d 969. An excess insurer may become subrogated to the insured’s claim for the amount of an excess judgment only if the excess insurer was properly subrogated to the rights of the insured. Great Southwest Fire Insurance Company, 557 So.2d at 971. However, unlike the duty owed by an insurer to the insured with regard to the defense or settlement of claims, the “primary insurer does not owe a duty of care or even good faith performance to the excess insurer of its insured.” Great Southwest Fire Insurance Company, 557 So.2d at 971 & 969. Logically, it must then follow that the excess insurer owes no greater duty to the primary insurer.
If the victim-obligee’s rights are assigned or subrogated to another, including an excess insurer, the excess insurer “steps into the shoes” of the victim. A. Copeland Enterprises, Inc. v. Slidell Memorial Hospital, 94-2011, p. 5 (La.6/30/95), 657 So.2d 1292, 1296; see Prudential Assurance Company Limited v. London & Hull Maritime Insurance Co. Ltd., 621 So .2d 1165, 1166-67 (La.App. 1 Cir.1993) (excess insurer subrogated to rights of victim). Then, as the subrogee, the excess insurer may recover the amount of the proven debt, including recovery for “acts which make the excess insurer’s contract and liability more burdensome .... ” Great *551 Southwest Fire Insurance Company, 557 So.2d at 971; see La. C.C. arts. 1825-27, 2642, and Revision Comments. Louisiana Civil | ¿Code articles 1827 and 2642 allow contractual subrogation or assignment without the consent of the obligor, and legal subrogation occurs by operation of law. See La. C.C. arts. 1829 & 2642, Revision Comments-1993(b). The obligor is protected against having to pay a false or inflated debt by the requirement that an obligation or debt be proved. See La. C.C. art. 1831.
Our review of the record found no evidence that the damages at issue here arose from an excess judgment; or, that they were paid for an insurer’s tortious failure to defend its insured or settle the claim. Carolina’s amended third party demand against Younger Brothers, in its role as its own primary insurer, was based on Carolina’s subrogation to the plaintiffs claim against Younger Brothers. Carolina is not prohibited from utilization of the rights imbued by the law of subrogation merely because it is an excess insurer. See Prudential Assurance Company Limited, 621 So.2d at 1166-67. Whether the subrogee is a stranger to the suit, or an excess insurer, when the subrogee is substituted for the original creditor-obligee, the obligation then “subsists in favor of the person who performed it .... ” La. C.C. art. 1826A. Under the particular facts here, bad faith was not a necessary element of proof for Carolina’s subrogation claim. See La. C.C. arts.1825, et seq.
After a thorough review of the record on the issue of causation, we cannot say that the trial court was clearly wrong in finding that Younger Brothers was liable for Ms. Hose’s damages in the amount of $75,000.00. Contrary to Younger Brothers’ arguments, it was afforded an opportunity to refute the plaintiffs injury and damage claims at trial. The substitution of Carolina for Ms. Hose did not interdict Younger Brothers’ ability to present a defense. In fact, the law of subrogation requires proof, and limits the recovery under a legal subrogation. See La. C.C. arts. 1830-31. Thus, the real issue is whether Younger Brothers’ evidence so contradicted the facts presented by the plaintiff, “that a reasonable factfinder Rwould not credit the ... story.” Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
In response to the medical evidence asserting that Ms. Hose’s injuries were caused by the accident at issue, Younger Brothers zealously argued that a prior medical condition and other accidents caused or greatly exacerbated the claimed injuries. However, based on our review, the record evidence simply does not support the Younger Brothers’ argument, and certainly does not establish manifest or clear error in the causation choice made by the trial court. See Stobart, 617 So.2d at 882-83.
The same is true on the issue of the amount of damages awarded. The record evidence of Ms. Hose’s medical condition reasonably supports the amount of the award. Defendant’s own expert assigned Ms. Hose a 10% whole body impairment. From our review, we find no abuse of the trial court’s discretion. See Youn v. Maritime Oversea Corp., 623 So.2d 1257, 1260-61 (La.1993).
For these reasons, we affirm the judgment of the trial court. The costs of the appeal are assessed to appellant, Younger Brothers.
GAIDRY, J., concurs with reasons.
AFFIRMED.

. Other defendants were named, but they are not participants in this appeal.